UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X          **CIVIL ACTION NO.**
KENNETH WRIGHT and LISA TAYLOR,

               Plaintiffs,

                                    **COMPLAINT**

   -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and P.O. DEREK
WEBBER,

                              **JURY TRIAL DEMANDED**

               Defendants.
-----------------------------------X

    The plaintiffs, complaining of the defendants, by their attorney, MICHAEL DREISHPOON, ESQ., respectfully show to this Court and allege:

<u>JURISDICTION</u>

    1.   Jurisdiction is founded upon the existence of a Federal Question.

    2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States Code, section 1983 and under the laws and statutes of the State of New York.

    3.   Jurisdiction is founded upon U.S.C. sections 1331 and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation,

custom or usage of a right, privilege and immunity secured to the plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4.   The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

<u>PARTIES</u>

5.   Plaintiff, KENNETH WRIGHT, is a resident of Queens County, State of New York.

6.   Plaintiff, LISA TAYLOR, is a resident of Queens County, State of New York.

7.   Upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK (hereinafter referred to as "THE CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

8.   The defendant, NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "NYPD"), is a local governmental agency duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of its officers and civilian employees, as well as the hiring, screening, training, supervising, controlling and disciplining of

2

same.

9. Upon information and belief, defendant, P.O. DEREK WEBBER, was and still is an employee of the NYPD.

10. Upon information and belief, defendant, P.O. DEREK WEBBER, resides in the State of New York.

11. Upon information and belief, at all times hereinafter mentioned, defendant, THE CITY, its agents, servants and employees, operated, maintained and controlled the NYPD and its officers/detectives.

12. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code section 1983 and arising under the laws and statutes of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said State and City.

3

PENDENT STATE CLAIMS

14.   On November 29, 2013, plaintiffs served a Notice of Claim on THE CITY and NYPD alleging that they sustained thirty-six (36) hours loss of liberty and freedom due to the defendants' negligence.

15.  In addition, the Notice of Claim on behalf of plaintiff, KENNETH WRIGHT, alleged that one of the officers or detectives took two hundred seventy ($270.00) dollars cash from his pocket.

16.   The plaintiffs testified at a "50-h hearing" pursuant to General Municipal Law §50-h on February 7, 2014.

17.   More than thirty (30) days have elapsed since the Notice of Claim was served upon the defendants and the defendants have neglected or refused to make any adjustment or payment thereof.

AS AND FOR A FIRST CAUSE OF ACTION

18.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "17" with the same force and effect as if more fully set forth herein.

19.   On October 29, 2013, at approximately 9:00 A.M., the plaintiffs were detained by NYPD detectives/officers outside of their residence located at 150-21 115th Ave., Jamaica, NY 11434.

4

20.   At approximately 9:30 A.M., the plaintiffs were handcuffed by P.O. WEBBER and his colleagues and placed under arrest.

21.   The plaintiffs were not told what they were being charged with, though KENNETH WRIGHT overheard one of the officers mention trespassing and another shots fired.

22.   Plaintiffs were transported to the 113th Precinct.

23.   Plaintiffs were interrogated and held at the 113th Precinct until late in the evening.

24.   At approximately 10:00 P.M., the plaintiffs were taken to Central Booking.

25.   On October 30, 2013, at approximately 9:00 P.M., the plaintiffs received letters from the District Attorney's Office stating that their arrests had been dismissed.

26.   The plaintiffs were released from the NYPD's custody.

27.   Thus, as a result of the defendants' negligence, the plaintiffs spent approximately thirty six (36) hours in custody.

28.   The defendants did not possess any type of privilege to confine the plaintiffs.

29. As a result of the above-mentioned false imprisonment and detention, the plaintiffs were subjected to great indignities, humiliation and ridicule in being so detained and were greatly injured in their credit and circumstances and were

5

then and there prevented and hindered from preforming and transacting their necessary affairs and business and were caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

30. By reason of the aforesaid, the plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and are entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

31. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "30" with the same force and effect as if more fully set forth herein.

32. The defendants, THE CITY and NYPD, were careless and reckless in hiring and retaining the services of the NYPD officers/detectives in question in that they lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring P.O. DEREK WEBBER and the other officers in question who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; in that the defendants, THE CITY and NYPD, failed to investigate these particular officers' backgrounds; in that the defendants hired

6

and retained the officers in question who were unqualified because they lacked the maturity, sensibility and intelligence to be police officers; the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

33. The aforesaid false imprisonment and detention, as well as the resulting mental trauma sustained by the plaintiffs, were caused wholly and solely by reason of the negligence of the defendants without any negligence on the part of the plaintiffs contributing thereto.

34. By reason of the aforesaid, the plaintiffs were injured in mind and body and will continue to suffer physical and mental pain and were rendered sick, sore, lame and disabled and were incapacitated and will, upon information and belief, be so incapacitated in the future, and have expended and incurred diverse sums of money in an effort to cure themselves of said injuries and to extricate themselves from the indignities and humiliation foisted upon them by the actions of the defendants.

35. By reason of the aforesaid, the plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

36. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "35" with the same force and effect as if more fully set forth herein.

7

37.   The defendants negligently, carelessly and recklessly failed to properly train and supervise P.O. DEREK WEBBER and the officers in question in that they failed to teach them the following: the proper protocol used to detain and interrogate suspects; the proper way to investigate a crime; how to verify a suspect's version of events; how to act like reasonably prudent officers.  In addition, the defendants failed to give P.O. DEREK WEBBER and his fellow officers the proper instructions as to their deportment, behavior and conduct as representatives of their employers.

38.   By reason of the aforesaid, the plaintiffs were injured in mind and body and will continue to suffer physical and mental pain, and were rendered sick, sore, lame and disabled and so remains and were incapacitated and will, upon information and belief, be so incapacitated in the future, and have expended and incurred diverse sums of money in an effort to cure themselves of said injuries and to extricate themselves from the indignities and humiliation foisted upon them by the actions of the defendants.

39.   By reason of the aforesaid, the plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

40.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "39" with the same force and effect as if more fully set forth herein.

41.   P.O.  WEBBER  and  the  other  officers  in  question negligently, carelessly and recklessly performed their duties in that they failed to use such care as trained police officers would have used under similar circumstances in that they detained the plaintiffs without conducting a reasonable investigation.  In addition, the officers in question were negligent, careless and reckless in the manner in which they operated, controlled and maintained the detention of the plaintiffs.

42.   By reason of the aforesaid, the plaintiffs were injured in mind and body, suffer and, upon information and belief, will continue to suffer, physical and mental pain, and were rendered sick, sore, lame and disabled, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and have expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate themselves from the indignities and humiliation foisted upon them by the actions of the defendants.

43.   By reason of the aforesaid, the plaintiffs have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

9

44. By reason of the aforesaid, the plaintiffs request the following relief:

(a) compensatory damages in the sum of FOUR MILLION ($4,000,000.00) DOLLARS as per the schedule set forth below;

(b) punitive damages of ONE MILLION ($1,000,000.00) DOLLARS;

(c) the return of Kenneth Wright's $270.00;

(d) an award of reasonable attorney's fees, costs and disbursements.

45. The plaintiffs request a trial by jury of all issues involved in this complaint.

46. The plaintiffs also request such other and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, the plaintiffs demand judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION.................$1,000,000.00

ON THE SECOND CAUSE OF ACTION...............$1,000,000.00

ON THE THIRD CAUSE OF ACTION................$1,000,000.00

ON THE FOURTH CAUSE OF ACTION...............$1,000,000.00

Dated: Forest Hills, NY
       April    , 2014

Yours truly,

_____

MICHAEL DREISHPOON, ESQ.
Attorney for Plaintiff
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: Forest Hills, NY
       April   , 2014

_____
MICHAEL DREISHPOON, ESQ.

11